IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **LAUREN KELLEY,**<br><br>    **Plaintiff,**<br><br>  vs.<br><br>**LA SCALA MEDITERRANEAN BISTRO, LLC, and ANTHONY BARBA,**<br><br>    **Defendants.** | Civil Action No. _____ |

# COMPLAINT

Plaintiff Lauren Kelley bring this Fair Labor Standards Act against Defendants La Scala Mediterranean Bistro, LLC, and Anthony Barba, showing the Court as follows:

## INTRODUCTION

1. In this Fair Labor Standards Act ("FLSA") minimum wage action, Plaintiff alleges that Defendants failed to pay her minimum wages for her work as a server and required her to kickback 10% of her tips for the benefit of Defendants. She seeks to recover unpaid minimum wages and reimbursement of illegal confiscated tips.

2. Plaintiff also brings claims for violation of 29 U.S.C. § 7434 for fraudulent filing of tax information returns. For each tax year of her employment, Defendants filed or caused to be filed fraudulent tax information returns with respect to Plaintiff's income, significantly understating the amount of her taxable income in a scheme to avoid payroll tax contributions. To accomplish this, Defendants paid out Plaintiff's hourly wages on a payroll check, complete with paystub, and a separate check for her tips that were paid by credit card. The amounts paid on the separate account were not included on Plaintiff's earnings on her paystubs, the relevant tax information was not forwarded to the IRS, and Defendants did not pay the required employed contributions to Plaintiff's payroll tax obligations.

3. On information and belief, these violations were repeated with respect to every single tipped employee who worked for Defendants in the past 6 years.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the Fair Labor Standards Act, a federal statute that affects interstate commerce.

5.  Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant resides in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.  Plaintiff is a natural person residing in Floyd County, Georgia.

7.  La Scala Mediterranean Bistro, LLC ("La Scala"), is a domestic limited liability company with its primary office in Floyd County, Georgia.

8.  La Scala can be served with process through its registered agent, Anthony Barba, at 413 Broad Street, Rome, GA 30165.

9.  La Scala is subject to the personal jurisdiction of this Court.

10. Individual Defendant Anthony Barba is a natural person residing in Floyd County, Georgia.

11. Barba can be served with process at his place of residence in Floyd County, Georgia, or wherever he may be found.

12. Barba is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

**FLSA Coverage and Employment Relationship**

13. Defendant La Scala owns and operates La Scala Mediterranean Bistro, a restaurant, bar, and event venue located at 413 Broad Street, Rome, Georgia.

14. Defendant Barba is an owner, member, and manager of La Scala.

15. Plaintiff worked as a server at La Scala from approximately mid-October 2020 through December 21, 2022.

16. Plaintiff was a minor until turning 18 in August 2022.

17. At all relevant times, La Scala was Plaintiff Pate's "employer" within the meaning of 29 U.S.C. § 203(d).

18. At all relevant times, La Scala was Plaintiff McGhee's "employer" within the meaning of 29 U.S.C. § 203(d).

19. At all relevant times, Barba was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d).

20. At all relevant times, La Scala had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

21. Specifically, La Scala has had two or more employees handling or selling alcoholic beverages manufactured outside the State of Georgia and shipped from outside the State of Georgia.

22. In 2022, La Scala had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23. In 2021, La Scala had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24. In 2020, La Scala had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25. In 2019, La Scala had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26. At all relevant times, La Scala was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 206 (a).

**FLSA Violation**

27. At all relevant times, Defendants compensated Plaintiff at the rate of $2.13 per hour plus tips.

28. At all relevant times, Defendants withheld 10 percent of Plaintiff's tips received.

29. At all relevant times, Defendants retained a portion of Plaintiff's tips for reasons other than contributions to a valid tip pool.

30. Defendants improperly retained a portion of Plaintiff's tips in reckless disregard of the requirements of the Fair Labor Standards Act.

31. Defendants failed to make adequate inquiry into whether their retention of a portion of Plaintiff's tips was in compliance with the requirements of the Fair Labor Standards Act.

32. Defendants knew or had reason to know that their retention of a portion of Plaintiff's tips was not in compliance with the requirements of the Fair Labor Standards Act.

**Tax Fraud**

33. Throughout Plaintiff's employment by Defendants, the earnings shown on Plaintiff's paystubs reflected only her minimum wages reduced by the FLSA tip credit, plus a small portion of her tips that were paid in cash.

34. Throughout Plaintiffs' employment by Defendants, Defendants provided Plaintiff no means of reporting her tips received in cash, which constituted a relatively small portion of her earnings.

35. Throughout Plaintiffs' employment by Defendants, Defendants did track all of Plaintiff's tips that were paid by credit card.

36. In 2021, Defendants filed or caused to be filed an IRS Form W-2 with the IRS with respect to Plaintiff's earnings during 2020.

37. The IRS Form W-2 filed by Defendants with respect to Plaintiff's 2020 earnings was false because it only reflected Plaintiff's minimum wages reduced by the FLSA tip credit, plus a small portion of her tips that were paid in cash.

38. In 2022, Defendants filed or caused to be filed an IRS Form W-2 with the IRS with respect to Plaintiff's earnings during 2021.

39. The IRS Form W-2 filed by Defendants with respect to Plaintiff's 2021 earnings was false because it only reflected Plaintiff's minimum wages

reduced by the FLSA tip credit, plus a small portion of her tips that were paid in cash.

40. In 2023, Defendants filed or caused to be filed an IRS Form W-2 with the IRS with respect to Plaintiff's earnings during 2022.

41. The IRS Form W-2 filed by Defendants with respect to Plaintiff's 2022 earnings was false because it only reflected Plaintiff's minimum wages reduced by the FLSA tip credit, plus a small portion of her tips that were paid in cash.

42. Defendants intentionally and willfully filed or caused to be filed these fraudulent IRS Forms W-2 for the purpose of their own enrichment by avoiding their payroll tax obligations as Plaintiff's employers.

**COUNT I — FAILURE TO PAY MINIMUM WAGE PURSUANT TO 29 U.S.C. § 206**

43. At all relevant times, Plaintiff was an employee of Defendants covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

44. At all relevant times, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

45. Defendants are liable to Plaintiff for all unpaid minimum wages for hours worked during the Relevant Time Period pursuant to 29 U.S.C. § 216(b).

46. Plaintiff is entitled to recover liquidated damages in an amount equal to her unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

47. As a result of the underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

## COUNT II
### IMPROPER TIP RETENTION PURSUANT TO 29 U.S.C. § 203(M)(2)(B)

48. At all relevant times Plaintiff was an employee of Defendants covered by the FLSA and entitled to the tip protections set forth in 29 U.S.C. § 203(m)(2)(B).

49. At all relevant times, Defendants retained a portion of Plaintiff's tips each shift that he worked.

50. Defendant's retention of a portion of Defendant's tips violated the prohibition on employer retention of tips set forth in 29 U.S.C. § 203(m)(2)(B).

51. Plaintiff is entitled to recover tips that Defendants improperly retained.

52. Plaintiff is entitled to recover liquidated damages in an amount equal to her improperly retained tips pursuant to 29 U.S.C. § 216(b).

53. As a result of the improper tip retention as alleged above, Defendants are liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

### COUNT III — FRAUDULENT FILING OF TAX INFORMATION RETURNS
### (26 U.S.C. § 7434)

54. In 2021, Defendants intentionally, willfully, and fraudulently composed and filed or caused to be filed a fraudulent W2 Form with the IRS which materially misrepresented Plaintiff's earnings during the 2020 tax year.

55. In 2022, Defendants intentionally, willfully, and fraudulently composed and filed or caused to be filed a fraudulent W2 Form with the IRS which materially misrepresented Plaintiff's earnings during the 2021 tax year.

56. In 2023, Defendants intentionally, willfully, and fraudulently composed and filed or caused to be filed a fraudulent W2 Form with the IRS which materially misrepresented Plaintiff's earnings during the 2022 tax year.

57. Specifically, Defendants filed or caused to be filed IRS Forms W2 that omitted a large majority of Plaintiff's tips and reported only her hourly minimum wages as reduced by the tip credit, as well as a small portion of her tips that were paid in cash.

58. These false tax filings of tax information returns were committed willfully and fraudulently, in a scheme to reduce Defendants' own payroll tax obligations.

59. Because of Defendants' willful filing of fraudulent tax information returns, Plaintiff is entitled to recover damages from Defendants, jointly and severally, up to and including any actual damages sustained, or in any event not less than $5,000 per fraudulent filing, as well as her costs of litigation including her reasonable attorney's fees, pursuant to 26 U.S.C. § 7434.

WHEREFORE, Plaintiff respectfully prays:

1. That all issues be tried before a jury that are so triable;

2. That the Court issue a judgment declaring that Defendants violated the minimum wage provisions of the Fair Labor Standards Act;

3. That the Court award Plaintiff an amount to be determined at trial against Defendants in unpaid minimum wages, plus an additional like amount in liquidated damages, pursuant to 29 U.S.C. 216(b);

4. That Plaintiff be reimbursed for all her tips improperly retained by Defendants, plus an additional like amount in liquidated damages, pursuant to 29 U.S.C. 216(b);

5. That Plaintiff be awarded her costs of litigation, including reasonable attorney's fees, pursuant to 29 U.S.C. 216(b);

6. That the Court issue a judgment declaring that Defendants filed or caused to be filed fraudulent tax information returns with respect to Plaintiff's earnings in 2020, 2021, and 2022;

7. That the Court award Plaintiff damages resulting from Defendants' fraudulent tax filings, up to and including any actual damages sustained, or in any event not less than $5,000 per fraudulent filing;

8. That the Court award Plaintiff her costs of litigation and reasonable attorney's fees pursuant to 26 U.S.C. § 7434(b); and

9. That the Court award Plaintiff nominal damages;

10. That the Court award any other and further relief as the Court deems just and proper.

This 23rd day of January 2022,

                                      Respectfully submitted,

                                      **DELONG, CALDWELL, BRIDGERS,**
                                      **FITZPATRICK & BENJAMIN, LLC**

                                      *s/ Matthew W. Herrington*

101 Marietta Street                     Mitchell D. Benjamin
Suite 2650                                Ga. Bar No. 049888
Atlanta, Georgia 30303                 Matthew W. Herrington
(404) 979-3150                          Ga. Bar No. 275411
(404) 979-3170 (f)
benjamin@dcbflegal.com               Counsel for Plaintiff
matthew.herrington@dcbflegal.com

13